UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GEORGE K. PRAGOVICH,

    Petitioner,

v.

INTERNAL REVENUE SERVICE, AGENT
#36-09437 JOSEPH CONROY AND
GROUP MANAGER #43-15016 SAM
ANDERSON,

    Respondents.

Case No. MC08-5010RBL/JKA

REPORT AND
RECOMMENDATION TO DENY
PETITIONER'S MOTION TO
QUASH THIRD PARTY
SUBPOENAS AND TO
CONSIDER RESPONDENT'S
MOTION TO ENFORCE A
SUMMONS

**NOTED FOR:
AUGUST 22, 2008**

A motion to quash third party summonses has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). The action was originally filed in this court on May 5, 2008, (Dkt. # 1). The case was referred to this Magistrate Judge on May 20, 2008, (Dkt. # 5). On June 16, 2008, the respondents appeared (Dkt # 6). No response to the motion to quash summonses was filed. On July 3, 2008, the court ordered the respondents to file a response (Dkt # 10). A response was filed July

ORDER
Page - 1

10, 2008, (Dkt. # 11). In that response the United States asks the court not only to deny the motion to quash, but, also to enforce the third party summons issued to Mr. Scott Puhn. The United States also asks for costs. On July 14, 2008, Petitioner replied (Dkt. # 12). Mr. Puhn has not appeared and is not before this court.

## FACTS

The Internal Revenue Service is investigating to determine if George K. Pragovich, doing business as National Justice Center, should have penalties imposed against him for facilitating a tax avoidance scheme involving the filing of law suits (Dkt. # 10). Revenue Agent Joseph Conroy issued twenty-two summonses to third parties for information which the Government alleges may show Mr. Pragovich is involved in a scheme to avoid tax payment by filing "frivolous" lawsuits (Dkt. # 10). One of the summonses was issued to Mr. Scott Puhn. Mr. Puhn resides in Poulsbo Washington. The court notes Poulsbo is within this courts judicial boundary.

Mr. Pragovich filed the motion to quash third-party summonses which is now before the court. The government has responded and moves to enforce the summons issued to Mr. Puhn.

## DISCUSSION

A. <u>Motion to Quash the summons</u>.

As an initial matter the court notes that only one of the twenty-two summonses was sent to a person in this judicial district. A District Court's jurisdiction is limited to the summons issued for a person in its district. <u>See</u>, 26 U.S.C. 7604 (a) While Mr. Pragovich asks the court to quash all third party summonses, such a request is overly broad (Dkt # 1). This Report and Recommendation addresses only the summons issued to Mr. Puhn.

The Internal Revenue Service has been charged with an affirmative duty to inquire if taxes have been properly paid. <u>See</u>, 26 U.S.C. 7601. As part of the duty to make this inquiry, the Internal Revenue service has been given the power to issue an administrative summons. <u>See</u>, 26 U.S.C. 7602 (a). This administrative summons may be issued to third parties. <u>See</u>, 26 U.S.C. 7602 (a)(2).

There are certain prerequisites to a valid administrative summons. First, to protect persons against a violation of their Fifth Amendment right, the summons must not be part of a criminal action. If a matter has been referred to the Justice Department, no summons may be issued. <u>See</u>, 26 U.S.C. 7602 (d).

Further, when the Internal Revenue Service contacts a third party, notice must be given to the taxpayer. <u>See</u>, 26 U.S.C. 7602 (c). In addition, there are four factors the court must consider to determine if a summons is valid. These four factors were set forth by the Supreme Court in <u>United States v. Powell</u>, 379 U.S. 48 (1964). The factors are:

1. That the summons was issued for a legitimate purpose.

2. That the summoned information may be relevant to that purpose.

3. That the information is not already in the governments possession.

4. That the proper administrative steps have been followed.

<u>Powell</u>, 379 U.S. at 57-58.

The government bears the initial burden of proving the summons are issued for a valid purpose. <u>Kondik v U.S.</u>, 81 F3d. 655 (6th Cir. 1996). The government's burden is minimal. The government need not show probable cause, only that the information sought may be relevant to tax liability. <u>United States v. Bisceglia</u>, 420 U.S. 141 (1975). The declaration of Agent Joseph Conroy provides all the information for a valid summons. He testifies the matter has not been referred to the Justice Department, that he is investigating a tax avoidance scheme involving the filing of law suits, that the Internal Revenue Service has some information that Mr. Pragovich is involved with facilitating these law suits, that Mr. Puhn filed one of these law suits, and that the Internal Revenue Service does not have in its possession evidence that Mr. Pragovich played a part in facilitating Mr. Puhn's law suit. It is undisputed that Mr. Pragovich received notice of the third party summons sent to Mr. Puhn. The government has fulfilled its burden, and unless Mr. Pragovich can show the summons is an abuse of process the summons is valid.

Mr. Pragovich argues the filing of law suits is protected speech under the First Amendment and the actions have not been declared frivolous (Dkt # 12). The government argues the conduct of Mr. Pragovich constitutes false or misleading commercial speech unprotected by the First Amendment, and the suits are frivolous.

As only one summons is at issue, the court looks to that action, filed by Mr. Puhn, to determine if that action is protected speech. The United States District Court for the District of Columbia entered the order dismissing Mr. Puhn's action without prejudice on February 5, 2007, (<u>Puhn v United States</u>, United States District Court for the District of Columbia 06-347EGS Dkt. # 7). The court noted that plaintiff did

ORDER
Page - 3

not respond to a motion to dismiss, and held that non response was a concession the suit was without merit. This is not specifically a finding that the suit was frivolous. The court must consider the motion to dismiss itself.

The United States motion to dismiss filed in <u>Puhn v United States</u>, 06-347EGS has been considered. The United States argued it was entitled to dismissal for lack of subject matter jurisdiction over the claim because the plaintiff had not exhausted his administrative remedies as mandated by 26 U.S.C. 7433. Thus, the perquisites for wavier of sovereign immunity were not met. The government also argued Mr. Puhn fails to state a claim, because the action contained no facts showing the tax code had not been followed as required by 26 U.S.C. 7433. The United States argued plaintiff could not seek an injunction because the Anti Injunction Act, 26 U.S.C. 7421, barred such relief. The United States final argument was that the court lacked personal jurisdiction over the United States because of service defects (<u>Puhn v United States</u>, United States District Court for the District of Columbia 06-347EGS Dkt. # 3). By not responding to the motion to dismiss Mr. Puhn conceded the validity of these arguments.

The court today need not find the action filed by Mr. Puhn was frivolous. This is because the government also argues the conduct on Mr. Pragovich, selling and facilitating law suits of this nature, is commercial speech unprotected by the First Amendment. The court agrees. In <u>United States v Schiff</u>, the Ninth Circuit upheld an injunction prohibiting publication or sale of a book central to a tax avoidance scheme finding the speech was unprotected commercial speech. <u>United States v Schiff, 379 F3d. 621, 626-627 (9th Cir. 2004)</u>.

Sale of a package "how to sue" kit that would allow for the filing of an action with as many defects as the one filed by Mr. Puhn, would be unprotected commercial speech. Further, Mr. Puhn's First Amendment right to petition government cannot be litigated or raised by Mr. Pragovich. Mr. Pragovich's speech would be unprotected because it appears to be false or misleading commercial speech. Commercial speech is unprotected if it is misleading, fraudulent, or related to an illegal activity. <u>Posadas de Puerto Rico Ass'n v. Tourism Co. of Puerto Rico</u>, 478 U.S. 328 340 (1986).

Mr. Pragovich has failed to prove the summons at issue in this action should be quashed. The motion to quash the summons issued to Scott Puhn should be **DENIED.**

B. <u>Motion to enforce the summons</u>.

The United States has moved to enforce the summons issued to Scott Puhn (Dkt. # 11, pages 12 to 16). The provision allowing for enforcement of an administrative tax summons is 26 U.S.C. 7604. That provision states:

> (a) **Jurisdiction of the district court.-** If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data.
>
> (b) **Enforcement.**- Whenever any person summoned under section 6420 (e)(2), 6421 (g)(2), 6427 (j)(2), or (7602) neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the Secretary may apply to the judge of the district court or to a United States commissioner for the district within which the person so summoned resides or is found for an attachment against him as for contempt. It shall be the duty of the judge or commissioner to hear the application, and if satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case; and upon such hearing the judge or the United States commissioner shall have power to make such order as he deem proper, not inconsistent with the law for punishment or contempts, to enforce obedience of the requirements of the summons and to punish such person for his default and disobedience.

26 U.S.C. 7604.

The United States seeks enforcement. It must show the summons is proper and the four factor <u>Powell</u> test has been met. The United States has already met that test as noted above. The summons was issued pursuant to 26 U.S.C. 7602 and is enforceable. The counter motion to enforce the summons issued to Mr. Puhn should be **GRANTED.** Consistent with the requirements of 26 U.S.C. 7604 the United States will need to file an application with the District Court Judge and give notice to Mr. Puhn that the application has been filed. The district court would then set a hearing date to determine if arrest is proper. As those proceedings involve Honorable Judge Leighton's calendar, this matter should be returned to his chambers for further consideration.

C. <u>Costs</u>.

The United States moves for costs incurred in maintaining this action. The United States should prevail in preventing Mr. Pragovich from quashing the third party summons issued to Mr. Puhn and would be entitled to costs if the Report and Recommendation is adopted.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ.

P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **August 22, 2008,** as noted in the caption.

DATED this 24 day of July, 2008.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge